### GEM CHEMICAL CO. v. YOUNGBLOOD & COTHRAN.

1. ACCOUNT STATED—CHARGE—JURY.—When an account stated contains no words of doubtful meaning, Court should instruct jury as to its force and effect.
2. PLEADINGS—FRAUD—MISREPRESENTATIONS.—A pleading setting up fraud or misrepresentation must allege the facts relied on to show it and knowledge thereof in the opposite party.
3. ACCOUNT STATED.—DEFENSE OF FAILURE OF CONSIDERATION cannot be set up in suit on account stated, until such account be set aside.

Before WATTS, J., Greenwood, November, 1899. Affirmed.

Action by Gem Chemical Co. v. Youngblood & Cothran on account stated. From judgment for plaintiff, defendants appeal.

*Messrs. Ansel, Cothran & Cothran,* for appellants, cite: *Error to hold that plaintiff had established an account stated between the parties:* 23 Mich., 389; 3 Miss., 786; 4 Daly, 216. *Error to exclude evidence that account stated was obtained by misrepresentation and fraud:* 1 McM. Eq., 84; 2 S. C., 108; 2 Strob. Eq., 148; 67 Hun., 388; 23 Am. Dec., 364; 30 S. C., 616; 1 McC. Ch., 161; 39 Cal., 123; 34 Ind., 18; 38 Ark., 334; 26 S. C., 282; 1 Strob., 223; 50 Cal., 434; 4 Daly, 216; 2 S. C., 95; 25 Strob. Eq., 14; 31 S. C., 73. *An account stated is not conclusive upon the defense of failure of consideration:* 37 Pac. R., 504; 49 N. E. R., 640.

*Messrs. Graydon & Giles,* contra, cite: *Whether the paper was an account stated is a question of law, and Judge correctly held that it was such paper:* 2 S. C., 95; 60 Am. R., 647; 99 Am. D., 92; 25 S. E. R., 924; 29 S. E. R., 143; 52 S. C., 244.

June 27, 1900. The opinion of the Court was delivered by MR. JUSTICE GARY. As the questions raised by the ex-

ceptions involve the construction of the pleadings, the material allegations of the complaint and answer will be set out. They are as follows:

*Complaint.*—I. The first paragraph alleges the corporate existence of the plaintiff. II. The second paragraph alleges the copartnership of the defendants. "III. That on the eleventh day of July, 1898, at Greenwood, S. C., an account was stated between the said plaintiff and the said defendants; and upon such statement a balance of two hundred and seventeen dollars and sixty-four cents was found to be due from the said defendants to this plaintiff. IV. That thereupon, on the same day, to wit: 'the eleventh day of July, 1898, the said plaintiff made its bill of exchange in writing, dated the twenty-first day of June, 1898, directed to the said defendants under their firm name of Youngblood & Cothran, at Greenwood, S. C., and thereby required the said defendants to pay to the order of the plaintiff two hundred and seventeen dollars and sixty-four cents, sixty days after said date, for value received, a copy of which bill of exchange is hereto attached as a part of this complaint and marked 'Exhibit A.'" V. The fifth paragraph alleges the acceptance of the draft by the defendants on the 11th of July, 1898. VI. The sixth paragraph alleges that no part of said bill of exchange has been paid.

*Answer.*—1. The defendants admit that they accepted the plaintiff's draft, as set forth in the complaint, and that no part thereof has been paid. 2. They deny the third paragraph of the complaint. 3. The defendants allege that the said acceptance was executed by them in consideration of the sale to them by plaintiff of 162 gallons of Kola Pepsin, and for no other consideration, under a representation and warranty by the plaintiff at the time of sale that the said Kola Pepsin was a fit and proper material for soda water drinks and suitable for such purposes. 4. That the defendants then accepted and purchased said goods for sale to proprietors of soda fountains, trusting in the said representation and warranty of the plaintiff, all of which the plaintiff then

knew.   5. That the said goods were not fit or proper for said purpose, but altogether unsuitable and have always been and are altogether useless to the defendants." The defendants also set up in their answer a counter-claim for one hundred dollars arising out of the facts alleged in paragraphs 3, 4 and 5 of their answer.

The jury rendered a verdict in favor of the plaintiff. The defendants appeal upon exceptions which will not be considered in detail, as the argument of the appellant's attorneys shows that they raise practically but three questions, to wit: "(1.) Did the Circuit Judge err in deciding the issue of account stated? (2.) Did he err in excluding evidence to the effect that the alleged account stated was procured by misrepresentations and fraud? (3.) If defendants are precluded from attacking the account stated, were they not entitled to show that there was a failure of consideration in the acceptance of the draft which was brought about by the misrepresentations of plaintiff?"

We will first consider whether there was error on the part of his Honor, the presiding Judge, in his·ruling as to the account stated. The account stated is as follows: ·

"Baltimore, Oct. 1st, 1898. Youngblood & Cothran, Greenwood, S. C. Bought of Gem Chemical Co., of Baltimore city. 1898, June 21st, Kola Pepsin, $243.00. Cr. July 12th, freight $9.36; rebate 10c. per gallon $16.00, $25.36—$217.64. Rec. accepted draft $217.64, dated 60 days from June 21st, and accepted by Y. & C. on July 11th, 1898."

The only grounds upon which the defendants relied to defeat the plaintiff's recovery herein were fraud, misrepresentation and want of consideration in the acceptance of the draft. The Circuit Judge ruled that under the pleadings these grounds could not be considered. The construction of the account stated presented a question of law to be determined by the Court, as it does not contain any words of a doubtful meaning, which required the jury to decide in what sense they were used. If the Circuit Judge was correct in

ruling that the grounds relied upon by the defendants could not be considered, as they did not properly arise under the pleadings, it was his duty to instruct the jury as to the force and effect of the said instrument of writing. After the ruling of the Circuit Judge hereinbefore mentioned, there was no testimony before the jury from which they could find that the instrument of writing had any other effect than that which appeared upon its face.

This brings us to a consideration of the second question, whether the presiding Judge erred in excluding evidence to the effect that the account stated was procured by fraud and misrepresentations. In the Enc. of Pl. and Pr., vol. 9, p. 684-5, it is said, "Fraud is never presumed, and in order to entitle a party to relief, either at law or in equity, on that ground it is essential that the fraud be distinctly alleged in the pleadings, so that it may be put in issue, and evidence thereof given. This rule is applicable as well to the pleadings of the plaintiff as to those of the defendant. In the absence of such an allegation evidence of fraud will not be received at the trial." On pages 686-7 of the same volume, we find the following: "In alleging fraud, it is well settled, both at law and in equity, that the mere general averment without setting out the facts upon which the charge is predicated is insufficient. Whether the fraud be alleged in the declaration, complaint or bill, set up by way of defense in the plea, answer or replication, it is essential that the facts and circumstances which constitute it should be set out clearly, concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer." In order to constitute a defense to the plaintiff's cause of action on the ground that the defendants were deceived by misrepresentation and fraud, it was necessary to allege the *scienter* on the part of the plaintiff. *Wood* v. *Ashe,* 3 Strob., 64; *Read* v. *Duncan,* 2 McC., 167; *Houston* v. *Gilbert,* 3 Brev., 64. The words, "all of which the plaintiff then knew," in paragraph 4 of the answer, do not refer to the allegations set forth in the 5th paragraph thereof, but

to an entirely different state of facts. The answer failed to allege fraud and misrepresentations, and there was no error in rejecting the evidence offered to prove them.

We will next consider the third question, which is as follows: "If defendants are precluded from attacking the account stated, were they not entitled to show that there was a failure of consideration in the acceptance of the draft which was brought about by the misrepresentation of plaintiff?" The defense of failure of consideration, in the absence of deceit on the part of the seller, arises *ex contractu*. All matters of contract growing out of the sale, whether express or implied, were merged in the account stated. Until the jury reached the conclusion that the account stated was a nullity, they could not consider the question of failure of consideration by reason of the breach of warranty implied by law.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.