## 8765

## ANDERSON v. MERCHANTS GROCERY CO.

### (84 S. E. 109.)

FRAUD.   BREACH OF WARRANTY.   SALES.   CHARGE TO JURY.   TENDER.
   EVIDENCE.

1. TRIAL—GIVEN INSTRUCTIONS—REQUESTED INSTRUCTIONS.—Where the
   Court excluded the defense of a breach of a parol warranty of goods
   sold, plaintiff's requested charge excluding such defense was prop-
   erly refused.

2. TRIAL—INSTRUCTIONS—EVIDENCE.—In an action for goods sold, where
   the answer did not plead a breach of warranties in the written con-
   tract and there was no evidence thereon, the Court's statement of
   such warranties could not have misled the jury, in view of its
   exclusion of an alleged parol warranty.

3. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS FAVORABLE TO
   APPELLANT.—In an action for goods sold, a charge that, if defendant
   was not damaged on account of plaintiff's misrepresentations and
   fraud, it would be liable for what the goods were really worth
   though it had not returned or offered to return them, was not preju-
   dicial to plaintiff, since it was favorable to him.

4. SALES—ACTION FOR PRICE—SUFFICIENCY OF PLEA—FRAUD.—In an
   action for goods sold, an answer, alleging that when the contract
   was made the seller told the buyer that the beverage was one thing
   when he knew it was another, that the buyer relied thereon, and
   that the seller intended to deceive, was a sufficient plea of fraud.

5. SALES—SUFFICIENCY OF PLEA—OFFER TO RETURN.—An answer, in an
   action for the price of goods, alleging that soon after their arrival
   defendant ascertained their character and immediately declined to
   accept them, and had not accepted them and had so notified the
   seller, sufficiently alleged an offer to return.

6. SALES—FRAUD OR MISREPRESENTATION—OFFER TO RETURN.—A buyer
   of goods has a reasonable time in which to ascertain fraud or whether
   the goods come up to the guaranty, and, when he ascertains fraud
   or breach of guaranty, must notify the seller and either return the
   goods or offer to return them.

7. SALES—ACTION FOR PRICE—EVIDENCE—OFFER TO RETURN.—In an
   action for the price of goods sold, the buyer's letter, written 20 days
   after it received the goods, stating that they were held subject to
   the seller's order, was admissible on the issue of the buyer's offer
   to return them for fraud inducing the sale.

Before DeVore, J., Marion, 1913.   Affirmed.

Action by Charles A. Anderson, trading as Anderson &
Co., against Merchants Grocery Company, to recover pur-

chase price of goods sold. From a judgment for the actual value of goods sold, plaintiff appeals. The facts are stated in the opinion.

The fourth and fifth paragraphs of the second defense were as follows:

"4. That defendant signed said order, relying upon, and in consequence of, the representations then made to it by the plaintiff, which representations were: that the goods mentioned in said order were pure, unfermented, clarified fruit juices from the fruits named in said order and up to the standard of the best goods of that kind on the market; that said representations were false when made, and were known to plaintiff to be false, and were made by him with intent to deceive and defraud the defendant, and for the purpose of inducing defendant to sign said order.

"5. That in pretended compliance with said order the plaintiff shipped to the defendant certain goods; that said goods were not as represented by the plaintiff, but on the contrary, were artifically flavored and colored liquids, not made from the fruits named, and of little or no value; that soon after the arrival of said goods defendant ascertained the character of the same, and thereupon immediately declined to accept the same, and has not accepted the same and duly notified plaintiff thereof."

The charge of the trial Judge was as follows:

"Mr. Foreman and Gentlemen of the Jury: The plaintiff brings his suit against the defendant to recover for the goods described in the complaint to the amount of the purchase price. The sum and substance of the complaint is that he not only sold, but delivered these goods to the defendant, and the defendant has failed to pay for them, and he is entitled to his money. That is about the sum and substance of the complaint.

"The defendant comes into Court and says: 'You are not entitled to the money from those goods for two reasons: they didn't come up to the guarantee in your written contract, and, besides that, at the time I entered into that contract and as an inducement for entering into it, you made false representations to me, knowing them to be false, and it amounted to fraud.' That is about the sum and substance of the issue made by the pleadings.

"I charge you as a matter of law that under this contract that this is what the plaintiff undertook to guarantee. He guaranteed, 'that our Mezzo is not subject to any special tax, either State, county or internal revenue.' He guarantees that. Is that true? If that is a fact that part of the guarantee is carried out, that it is not subject to any special tax, either State, county or internal revenue tax. 'We further guarantee that these goods are nonalcoholic and not adulterated or misbranded within the meaning of the Food and Drug Act.' Are they nonalcoholic? If they are not he stood up to that part of his guarantee. If they are not adulterated or misbranded within the meaning of the Food and Drug Act—he doesn't say they are not adulterated, but that they are not adulterated in the meaning of the Food and Drug Act, that is, that they would pass under the Food and Drug Act—if that is so, he stood up to that part of his guarantee. Now, you have got to ascertain from the evidence on that particular part of it whether that is so or not. No testimony that has been sworn to here, that you have heard, but which has been ruled out must be considered by you. In other words, no testimony in reference to the guarantee, except these things he undertook to guarantee in writing, is competent. If the defendant undertook to prove that he undertook to guarantee something else except what was in writing that would be incompetent, and you should not consider such testimony. So, the testimony on the guarantee must have reference to what he did guarantee in writing and just what I have

25—99

read; and all other testimony that you have heard that came out before I could rule on it must be disregarded as far as the guarantee is concerned.

"Now, as to the question of misrepresentation at the time the contract was signed, I charge you, at the outset, that fraud vitiates all contracts—fraud and false representations, if they are made in such a way as to induce a person to act upon them and cause damage to him.

"I charge you further, that the undisputed evidence in this case is that these goods were shipped and delivered to the defendant. I think the evidence is undisputed on that point, that these goods were shipped and the defendant got in possession of them, they were delivered to him. Up to that point the contract was complete. The defendant has the right to inspect those goods, to see whether or not they either came up to the guarantee or to see whether the goods were as represented. If there had been no misrepresentation about them the defendant has the right to have a reasonable time in which to ascertain that fact, but it was his duty to do so in a reasonable time, and if he found out that there had been misrepresentation, or that the goods did not come up to the guarantee, it was his duty after he ascertained that fact, either as to fraud or misrepresentation, to notify the plaintiff, and either return the goods or to offer to return them. In that same connection I charge you that one person can not take the goods of another and dispose of them, put it beyond his power to return the goods, and avail himself of the defense of fraud and relieve himself from paying for those goods. If a person buys goods and accepts them and disposes of them and he has not been damaged in any way, either by fraud or otherwise, by the party who sold them to him, he must pay for those goods. If, on the other hand, the defendant within a reasonable time, notified the plaintiff that the goods did not come up to the guarantee, or that he had made false representations and the goods were not what they were represented to be, if he

did that in a reasonable time and offered to return the goods, or to tender the goods to be returned, then his defense would have availed. This is more a question of fact than it is a question of law, anyway. That is about all the law I see in the case.

"If the defendant fails to show he has been damaged on account of misrepresentation and fraud, although he had not returned the goods or offered to return the goods, he would still be liable for what the goods were really worth, the actual value of the goods. He couldn't wipe out the contract where he had kept the goods. If the goods are of any value at all he must pay for them, the value of the goods he kept; and if he has sold them and has accounts against the parties he had sold them to open on his books and relying on those accounts against those parties, he would have to pay for these goods to the extent he has disposed of them, whether he has been paid by his customers or not.

"I think it is my duty, also, to say to you, that if the defendant in this case did not know that—as he claimed, that the goods did not come up to the representation—that he didn't know that until after his customers got in possession of them and his customers refused to pay for them, and he, after he ascertained that fact, if he did ascertain it, notified the plaintiff in a reasonable time, the defense of fraud would be available, if you consider there was a fraud, to reduce the amount of the plaintiff's claim to the actual value of the goods, what they were reasonably worth. So, those are all questions of fact for you, and you must confine your inquiry to that. Did the defendant in this case make any effort to collect for the goods he sold? What is the evidence on that? Did the defendant, within a reasonable time after he ascertained what he claims to be a defect in the goods, as set forth in his answer, did he in a reasonable time after he ascertained that, notify the plaintiff? All those are questions of fact for you to answer. I can not answer them.

"That is about all the law I see in the case. If you conclude that the plaintiff is entitled to win, say we find for the plaintiff so many dollars, writing it out in words and not in figures, and sign your name as foreman.

"The plaintiff asks for judgment in the sum of one hundred and fifty-one dollars and twenty cents. Now, if you think he is entitled to win in this case, whatever amount you conclude he is entitled to recover, just say we find for the plaintiff so many dollars, writing it out in words. If you conclude from the evidence applicable to the law as I have given it to you that he is entitled to recover the full amount, say we find for the plaintiff the sum of $151.20, writing it out in words and not in figures.

"If, on the other hand, you are satisfied from the testimony in this case that he is not entitled to recover the full amount, then say we find for the plaintiff whatever amount you think he is entitled to recover.

"It is my duty to say to you that I do not think under any view of this case that you can bring any verdict for the defendant straight out. It has got to be for the plaintiff for some amount, and that amount depends on what view you take of this evidence. I will take the risk of saying that you can not find for the defendant in this case under the case as made. So whatever verdict you conclude as proper write it on the back of this complaint and sign your name as foreman."

The exceptions were as follows:

1. Because his Honor erred, it is respectfully submitted, in allowing the witness, Charles A. Anderson, over plaintiff's objection, to answer the question, "Were the goods you shipped the Merchants Grocery Company pure, unfermented, clarified fruit juice?" It is respectfully submitted that this was error for the reason that, his Honor having stated that the question was submitted solely in support of the defense of fraud, no testimony should have been

received in support of the defense of fraud, for the reasons
stated in plaintiff's ground of objection, to wit: that no
actionable fraud had been alleged in defendant's answer,
in that there was no allegation of a tender of a return
of the goods nor was any damage alleged on account of
the alleged fraud of plaintiff.

2. Because his Honor erred in allowing, over plaintiff's
objection, the following testimony of L. C. Lawrence:

Q. Please state in your own way the circumstances con-
nected with your signing of the order set forth in the com-
plaintiff? A. Mr. Walter came in the office and showed
these samples to me, samples of this Mezzo. I asked him
what the composition of it was and he said— (Plaintiff
objects to any testimony that tends to vary the written
order.)  Q. State what representations were made by this
man to you. (Objected to. Objection overruled. Excep-
tion noted.)  A. He represented this to be pure, clarified,
unfermented juice from fruits; that it was the same class of
stuff as Welch's Grape Juice. I had a long conversation
with him, and told him if it was anything on the order of
the low grade of drinks they had around here I wouldn't
have it; I wouldn't give him five cents a barrel for it. He
said that he guaranteed it was the same class of stuff as
Welch's Grape Juice, only cheaper, and he would guarantee
it to be the same stuff. (Plaintiff objects to the above
answer, and moves that it be stricken from the record.)

The Court: You can strike out what he guaranteed, but
not what he said about it being pure, unfermented, clarified
juice of fruits. (Exception noted.)

It is respectfully submitted that this testimony should
have been excluded, in that it tended to add to, vary and
contradict the written order on which this action was based,
and the said testimony should not have been received in
support of the defense of fraud, in that no actionable fraud
had been alleged in defendant's answer, as there was no

allegation of a tender of a return of the goods nor was any damage alleged on account of the alleged fraud of plaintiff.

3. Because his Honor erred in allowing, over plaintiff's objection, the following testimony from the witness, H. W. Little:

Q. Did you hear the conversation that took place between Mr. Walter and Mr. Lawrence? A. Yes, sir. Q. What representations did Mr. Walter make? (Plaintiff objects on grounds before stated. Objection overruled. Exception noted.) Q. Proceed, Mr. Little. A. He said that they handled nothing but high class soda fountain goods, and said the goods were pure, unfermented, clarified fruit juice, made from juice from pure fruit.

It is respectfully submitted that this testimony should have been excluded, in that it tended to vary, add to and enlarge the written order on which suit was brought, and the testimony could not properly have been received to show fraud, for the reason that defendant had alleged no actionable fraud in his answer in that there was no allegation of a tender of a return of the goods nor was there any allegation of damage from plaintiff's alleged fraud.

4. His Honor erred in admitting in testimony the letter of defendant to plaintiff, marked Exhibit "C," for the reason that said letter had solely to do with the alleged breach of warranty, which the Court had excluded from the case, and hence plaintiff could not be affected by any tender of a return of the goods on account of a breach of warranty of which defendant had no right to complain, under the ruling of the Court, his Honor having ruled that the letter was admitted solely to show what purported to be a tender back of the goods.

5. His Honor erred in not directing a verdict for the plaintiff on plaintiff's motion, for the reasons therein stated, to wit: in that the undisputed testimony showed that defendant had sold all the goods for which suit was brought, and held open accounts on his books against the persons to

whom he had sold the goods, which amounted to an adoption of the contract and a waiver of any fraud.

6. His Honor erred in the following charge to the jury:

"I charge you as a matter of law that under this contract that this is what the plaintiff undertook to guarantee. He guaranteed, 'that our Mezzo is not subject to any special tax, either State, county or internal revenue.' He guarantees that. Is that true? If that is a fact that part of the guarantee is carried out; that it is not subject to any special tax, either State, county or internal revenue tax. 'We further guarantee that these goods are nonalcoholic and not adulterated or misbranded, within the meaning of the Food and Drug Act.' Are they nonalcoholic? If they are not he stood up to that part of his guarantee. If they are not adulterated or misbranded within the meaning of the Food and Drug Act—he doesn't say they are not adulterated, but that they are not adulterated in the meaning of the Food and Drug Act, that is, that they would pass under the Food and Drug Act—if that is so, he stood up to that part of his guarantee. Now, you have got to ascertain from the evidence on that particular part of it whether that is so or not. No testimony that has been sworn to here, that you have heard, but has been ruled out, must be considered by you. In other words, no testimony in reference to the guarantee except these things he undertook to guarantee in writing, is competent. If the defendant undertook to prove that he undertook to guarantee something else except what was in writing, that would be incompetent, and you should not consider such testimony. So, the testimony on the guarantee must have reference to what he did guarantee in writing and just what I have read; and all other testimony that you have heard that came out before I could rule on it, you must disregard as far as the guarantee is concerned."

This charge was erroneous, for the following reasons: (1) Because a breach of any guarantee on the points stated in this charge would be no defense in this case; (2) in giv-

ing the defendant the benefit of a defense he had not set up; (3) in charging that the evidence must show that the guarantee mentioned in the charge had been made good or performed; whereas, even if a breach of such guarantees was a defense on which defendant was entitled to rely, it was error to place the burden of proving a performance on plaintiff, when as a matter of law the burden would be on defendant to show a failure in such guarantee; (4) in placing the burden of proving that the stated guarantee had been made good on plaintiff; (5) in making plaintiff's recovery dependent upon proof which he was not as a matter of law required to make.

7. His Honor erred in charging the jury as follows:

If, on the other hand, the defendant within a reasonable time notified the plaintiff that the goods did not come up to the guarantee, or that he had made false representations and the goods were not what they were represented to be, if he did that in a reasonable time and offered to return the goods, or to tender the goods to be returned, then his defense would have availed.

This charge was erroneous in the following respects: (1) In that it caused the jury to suppose that a breach of a guarantee would be sufficient ground for the rescission of the contract; (2) in instructing the jury that a mere breach of a guarantee would warrant the defendant in returning the goods and rescinding the contract; (3) in instructing the jury that the defendant would be relieved of liability by merely giving a notice to plaintiff that the goods did not come up to the guarantee or the representations and offering to return the goods without proof of the truth of such facts; (4) in that such charge was a charge on the facts, in violation of art. V, sec. 26 of the Constitution of this State, in stating to the jury what acts by defendant would make out his defense or constitute fraud.

8. His Honor erred in charging the jury as follows:

"If the defendant fails to show he has been damaged on account of misrepresentations and fraud, although he has not returned the goods, or offered to return the goods, he would still be liable for what the goods were really worth, the actual value of the goods. He couldn't wipe out the contract where he had kept the goods. If the goods are of any value at all he must pay for them, the value of the goods he kept."

This charge was erroneous, in that it created the impression on the jury that even though defendant had not been damaged by the alleged fraud of plaintiff and had not returned or offered to return the goods he would only be required to pay the actual and not the contract price of the goods.

9. His Honor erred in refusing to charge plaintiff's third request to charge, which was as follows:

"I charge you that the defense of breach of warranty can not be considered by you in this case, for the reason that the written order upon which suit is based, the execution of which is admitted, contains warranties, and the warranty upon which defendant places reliance is not one of them, the rule being that when certain things are expressly warranted in a written contract of sale any other warranty except those stated is precluded."

It is respectfully submitted that the propositions of law in said request were sound, and the refusal to so charge was prejudicial to plaintiff, in that it permitted the jury to consider breaches of warranty which were not in issue in the case, the issue of warranty made by defendant's answer having been already withdrawn from the jury by other portions of the charge and by the rulings of his Honor. The said refusal to charge was also prejudicial, because it permitted the jury to consider the breach of warranty set up in defendant's answer after it had properly been eliminated from the case.

10. His Honor erred in submitting to the jury the issue of breach of guarantee or warranty when there was no such issue before the Court.

*Mr. A. F. Woods,* for appellant, cites: *Objection to testimony in support of defense of fraud:* 56 S. C. 513; 61 S. C. 455. *Issue of fraud not raised by pleadings:* 78 S. C. 482. *Breach of warranty not ground for rescission of contract:* 37 S. C. 7; 2 Rich. 40. *Breach of warranty not pleaded:* 35 Cyc. 368; Pom. Code Rem. (4th ed.), sec. 709. *Only the warranties in the written contract can be shown:* 1 McC. 219; 1 Hill 383; Cheves 186; 81 S. C. 116; 85 S. C. 493. *Fraud which does not result in damage not actionable:* 78 S. C. 486; 40 S. C. 114; 43 S. C. 257; 74 S. C. 206.

*Mr. L. D. Lide,* for respondent, explains and differentiates: 78 S. C. 482; 62 S. C. 42. Cites: 15 L. R. A. 89; 85 S. C. 486; 2 Hill 313; 59 S. C. 588; 74 S. C. 202; 43 S. C. 257, differentiated.

July 4, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued on a written contract for goods delivered thereunder.

The sum claimed was $151.20; the jury found $62.50; the plaintiff appeals.

There are ten exceptions, but not nearly so many issues. The appellant has grouped them into six, but there are really only three issues in the case.

The testimony shows this: that the defendant signed a written order for fourteen kegs of a soft drink called Mezzo; and that the Mezzo was delivered; and that all of the kegs were sold by defendant to its customers; and that one customer returned to the defendant four kegs which he had bought of defendant; that some of these customers did not pay defendant for the Mezzo.

The answer plead two defenses: (1) fraud, and (2) breach of a parol warranty. These in an inverse order.

The Court plainly, more than once, excluded the second defense, because there was no warranty expressed in the paper order, such as defendant plead. The whole charge made it plain to the jury that, so far as a warranty was concerned, the parties were held down to that expressed in the paper contract, and none other. The jury was instructed: "If the defendant undertook to prove that he undertook to guarantee something else except what was in writing that would be incompetent and you should not consider such testimony. So, the testimony on the guarantee must have reference to what he did guarantee in writing and just what I have read; and all other testimony that you have heard that came out before I could rule on it, you must disregard as far as the guarantee is concerned." It was needless, therefore, to charge plaintiff's third request; and that is the basis of the ninth exception.

It is true, the answer did not plead a breach of those warranties which were expressed in the paper, nor was there any testimony thereabout; and the Court might well have refrained from a statement of those warranties. But any such statement could not have misled the jury, in view of the plain instructions above quoted.

Thus, exceptions six, seven and ten are without merit.

Nor is the eighth exception well taken, because it was a favorable statement, for the plaintiff, of the defendant's liability.

The other exceptions related to the first defense—that of fraud.

And following the argument, they may be considered together.

First, as to the pleadings. The answer alleges in effect: that the vendor, when the contract was made, told the ven-

dee that the beverage was one thing when the vendor
knew it was another; that the vendee relied on the
vendor's words; that the vendor had the *intent* to
deceive; that the vendee declined to accept the beverage,
and so notified the vendor.

By good sense, and by authority, that is a sufficient plea
to prove fraud.

In every case of fraud the essence of the transaction is
the intent of actor.   It is not sufficient, as an indictment, to
simply charge the existence of the intent; the pleader must
go further, and allege a false statement, with knowledge of
its falsity, the reliance upon it by the other party, to his
hurt.   2 Pom. Eq., sec. 882; *Gem. Chem. Co. v. Young-
blood,* 58 S. C. 56, 36 S. E. 437.

The answer here meets the measure of the law; that in
*Bromonia Co.* v. *Drug Co.,* 78 S. C. 482, 59 S. E. 363,
relied on by appellant, did not do so by very much.

The testimony was responsive to the plea and sustained it.

But the appellant further contends, that to make avail-
able the plea of fraud, the respondent must have tendered
back to the vendor the worthless goods.

The answer alleges such tender; the Court charged the
jury that a tender must be made; the testimony shows that
the tender was made.

The answer alleges "that soon after the arrival of said
goods defendant ascertained the character of the
same, and thereupon *immediately declined to accept
the same,* and has *not accepted the same,* and duly
notified plaintiff thereof."

The Court charged, "if there had been no misrepresenta-
tion about them, the defendant has the right to have a rea-
sonable time in which to ascertain that fact, but it was his
duty to do so in a reasonable time, and if he found out that
there had been misrepresentation, or that the goods did not
come up to the guarantee, it was his duty, after he ascer-
tained that fact, either as to fraud or misrepresentation, to

notify the plaintiff, and either return the goods or to offer to return them."

Twenty days after the beverage was received, the vendee wrote the vendor: "These goods are here subject to your order."

That letter was objected to; the Court excluded the irrelevant parts and admitted the part above quoted, which is clearly competent.

There is no ground to reverse the judgment below, and it is affirmed.