WATFORD v. J. K. WINDHAM & CO.

1. STRIKING OUT PLEADINGS.—Parts of answer properly stricken out on motion because irrelevant to suit on note and having no substantial relation to any matter in controversy.

2. TRUST—DEFENSE—PARTIES.—That plaintiff was charged with a trust in proceeds of note is not a defense to action thereon, as trustee may sue in his own name without joining *cestui que trust*.

3. NOTES AND BILLS—PRESUMPTION.—Possession of note indorsed in blank raises presumption of ownership.

Before BUCHANAN, J., Darlington, November, 1901. Affirmed.

Action by J. R. Watford against J. K. Windham & Co.
From order striking out parts of defendants' answer, they
appeal.

*Mr. Geo. W. Brown,* for appellant, cites: *Code, 143, does
not take away general equity jurisdiction, but is only cumu-
lative to it:* 44 S. C., 451; 23 S. C., 515; 31 S. C., 299; 42
S. C., 35. *Want of consideration may be pleaded:* 58 S. C.,
418.

*Messrs. Spears & Dennis,* contra, cite: *Mere denial of
ownership without setting forth facts is legal conclusion:* 20
Ency. P. & P., 40. *Matters set up in answer cannot be
proved:* 3 L. R. A., 308. *Person holding legal title to nego-
tiable instrument may sue it alone:* 14 Ency. P. & P., 461; 2
Spears L., 368; 1 Bail., 355; 10 Rich., 109. *And recovery
thereon pleaded in bar to another suit:* 2 Rich., 332; 10
Rich., 109. *Trustee of express trust may sue in his own
name:* 39 S. C., 21; 13 S. C., 430; Code, 134. *Facts raising
issue of failure of consideration must be pleaded:* 58 S. C.,
418. *Court may strike out irrelevant allegations:* 18 S. C.,
479.

October 10, 1902.        The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.        The appeal in this case is from an
order of Judge Buchanan striking out portions of defend-
ants' answer as irrelevant.        The complaint and answer are
as follows:

"I. That the defendants, J. K. Windham and A. J. A.
Perritt, are and were at the times hereinafter mentioned co-
partners in trade; trading under the firm name and style of
J. K. Windham & Co., at Lamar, S. C.

"II. That the defendants hereto at Lamar, S. C., made
and executed their promissory note in writing, bearing date
on the first day of March, 1900, whereby they promised to
pay to J. R. Watford or order, at Lamar, S. C., the sum of

$500, on or before the first day of January, 1901; and although the said note became due and payable before the commencement of this action, yet the defendants have not paid the same.

"III. That payment has been demanded and refused.

"IV. And the plaintiff further says that he is now the lawful owner and holder of the said note, and that the defendants are justly indebted to him thereupon in the sum of $500, principal, together with interest at the rate of seven per cent. per annum until paid.

"Wherefore, the plaintiff demands judgment against the defendants for the said principal sum and interest."

The defendants, answering the complaint of the plaintiff in the case above stated, say:

"I. That they admit the allegations contained in the plaintiff's complaint, numbered I., II. and III.

"II. That upon information and belief they deny the truth of the allegations contained in paragraph IV. of plaintiff's said complaint, except as hereinafter specifically admitted.

"III. That for a further defense, these defendants allege that on January 5th, 1899, they borrowed from Annie Watford the sum of $484, and gave their promissory note therefor, payable to her order, on or before the first day of January thereafter, which said note was indorsed in blank by the said Annie Watford. That on or about the 20th day of February, 1900, these defendants were sent for by plaintiff, and the defendant, J. K. Windham, went to see him. The plaintiff stated to him that his wife requested that defendant take up said note, and give a new note payable to the plaintiff. Said defendant went in to see the said Annie about it; but she was then *in extremis,* and unable to talk about business matters. The plaintiff further stated to said defendant that $125 of the money belonged to the estate of Henry Monroe DuBose. That the said Annie had turned over said note to him with the express wish and purpose that he be a father to all her children, and that they be as children to him; that when the money came in on the new note, that

he pay $100 each to her two children by her first marriage, Daisy Turner and Bunyan DuBose, and that he divide the balance between himself and Mary Watford, an infant child born of the second marriage of the plaintiff. That thereafter the plaintiff came to the defendant with the note aforesaid and delivered it to him, whereupon the defendant, relying upon the statement of the plaintiff and in ignorance of the legal rights of the parties concerned, executed and delivered the promissory note set forth and described in paragraph II. of plaintiff's said complaint.

"IV. That the said Annie Watford was twice married; her first husband was Henry Munroe DuBose, who departed this life testate in the year 1890. John W. DuBose was named in said will and duly qualified as the executor thereof. That two children were born of the marriage of the said Annie Watford with the said Henry Munroe DuBose, to wit: Daisy Turner and Bunyan DuBose, who are infants under the age of twenty-one years, and on October 1st, 1894, the said Annie Watford was duly appointed and qualified as the general guardian of the said minors.

"V. That after the death of the said Henry Munroe DuBose, the said Annie intermarried with the plaintiff, of which marriage one child was born, Mary Watford, who is an infant under the age of fourteen years. That on the 21st day of February, 1900, the said Annie Watford departed this life intestate, and W. Albert Parrott, Esq., has been appointed by the probate judge for Darlington County as the administrator of her personal estate, and has qualified as such administrator.

"VI. That before the maturity of the note sued upon, the defendants were notified not to pay the amount represented by the note sued upon to the plaintiff, and this notice was received from J. L. Michie, probate judge for Darlington County, and from the said Albert Parrott, administrator; whereupon the defendants took legal advice, and guided thereby refused to pay to the plaintiff the sum represented by the note sued on, and deposited the money in the Peoples

Bank of Darlington, to answer the result of such litigation as might be had, whereby the interest of the several claimants was determined.

"VII. That the defendants are advised that they made a mistake in executing and delivering the note described in the complaint, and they so allege. They further say that they have acted with entire good faith in the whole matter; that W. Albert Parrott, as administrator of Annie Watford, is a necessary party to the action that the rights of all concerned may in this suit be determined, and that the money owing by the defendants is on deposit in the bank and will there remain until the Court shall determine to whom it belongs.

"VIII. The defendants further allege that the said Daisy Turner, by her attorneys, Woods & McFarlan, are now demanding of these defendants certain interests which she claims in the note sued upon. Wherefore, these defendants pray for an order of this Court to make W. Albert Parrott, as administrator of the said Annie Watford, a party defendant to this action, and that he be required to protect the interests of his intestate as he may be advised, and for such other and further relief as to this Court may seem meet."

The portions of the answer stricken out were paragraphs 3, 4, 5, 6, 7 and 8 above. We think there was no error. Under sec. 181 of the Civil Code of Procedure, irrelevant matter in a pleading may be stricken out on motion. The matter stricken out in this case is clearly irrelevant, having no substantial relation to any matter in controversy, and if proven as alleged, it would not defeat plaintiff's right to recover upon the note which defendants admit they executed to plaintiff.

If it be true, as suggested in the answer, that plaintiff was charged with a trust in the disposition of the proceeds of said note when collected, that is not a defense that would avail defendants, and under sec. 134 of the Code, a trustee of an express trust, or any person with whom or in whose name a contract is made for the benefit

33—64

of another, may sue without joining with him the person for whose benefit the action is prosecuted.

It does not appear from anything alleged in the answer that the original note for which the note sued on was given was not the property of the plaintiff; on the contrary, it appears that the old note to Annie Watford was in the lifetime of Annie Watford in the hands of the plaintiff, indorsed by said payee in blank, and was delivered by plaintiff to defendant when the note sued on was executed. The order of the Court was favorable to defendants in striking out said portions of the answer and permitting them "to amend their answer by inserting therein such allegations as they may be advised, or sufficient to plead a want of consideration between themselves and plaintiff."

The judgment of the Circuit Court is affirmed.