6555

## PRINCE v. STATE MUTUAL LIFE INSURANCE COMPANY.

1. PROOF OF AGENCY—ISSUES.—Dealing with one as agent of an insurance company and declarations of State agent that he was such agent is sufficient to send the issue of agency to the jury.

2. INSURANCE—DAMAGES.—Where an insurance policy is made out according to application, but insured declines to accept it because he was under the impression he was to have a different policy, the only

damages sustained by insured is the value of the note given by him for first premium retained by insurer.

3. EVIDENCE—WRITINGS.—AN APPLICATION FOR INSURANCE is a part of the contract of insurance and no oral testimony as to agreement between the parties before execution is admissible to vary its terms, although insured signed without reading and accepted statement of agent as to its contents.

4. CONTRACT—FRAUD.—PUNITIVE DAMAGES are not recoverable for breach of contract unless accompanied by fraud.

Before GAGE, J., Hampton, November, 1906. Reversed.

Action by Albert I. Prince against State Mutual Insurance Co. From judgment for plaintiff, defendant appeals.

*Messrs. Dean & Dean* and *B. R. Hiers,* for appellant, cite: *Punitive damages are not recoverable for breach of contract:* 70 S. C., 115; 13 Cyc., 113; 28 S. C., 157. *Written application cannot be changed by parol:* 29 S. C., 343; 57 S. C., 60; 42 S. C., 11; 46 S. C., 372; 52 S. C., 133. *Agency cannot be shown by declarations:* 58 S. C., 201; 72 S. C., 252. *Insurance agent has no power to change risks:* 39 Am. R., 277; 16 N. W. R., 94. *Court must construe meaning:* 42 S. C., 67; 39 S. C., 294, 388. *As to office of application:* 104 Fed. R., 486; 40 N. J. L., 476; 19 Hun., 560; 23 Pa., 72; 111 Fed. R., 465; 113 Fed., 13; 44 Pac., 595; 10 Ill. App., 348; 50 Pac., 165; 23 Wall., 85; 92 U. S., 377; 61 Ala., 163; 15 Fed. Cas., 158; 53 Fed., 208; 104 Fed., 486; 117 U. S., 519.

*Messrs. W. S. Smith* and *W. B. deLoach,* contra. No argument furnished Reporter.

June 5, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced in December, 1905, and was heard at the October-November, 1906, term of the Court of Common Pleas for Hampton

County. The plaintiff sought to recover damages for the alleged failure of the defendant to issue to him a ten year policy of insurance on plaintiff's life. The allegations of the complaint are in substance as follows: That on the fifth day of May, 1905, in consideration of the sum of fifteen dollars and forty-three cents, the defendant agreed to execute and deliver to the plaintiff its policy of insurance upon his life in the sum of one thousand dollars, and in case of plaintiff's death to be payable to his wife. That said policy was to mature in ten years, and at the end of that time, plaintiff, if living, would receive the sum of one thousand dollars, and in case of his death, the beneficiary would receive that amount; provided, the premiums were paid as they became due. That plaintiff paid the first premium and received a receipt therefor, stood his physical examination, and under the agreement above set forth, was accepted as an insurable risk by defendant. That although he has performed his part of the contract in full, defendant refused to issue said ten year policy, but instead wilfully and wantonly attempted to compel plaintiff to accept another policy of insurance by threatening plaintiff with imprisonment. The answer was a general denial. In rebuttal of plaintiff's testimony, defendant introduced in evidence the written application of plaintiff for a twenty year annuity in the State Mutual Life and Annuity Association of Rome, Ga. Judge Gage, the presiding Judge, having refused to direct a verdict for defendant, the case went to the jury, and a verdict for five hundred dollars was found for plaintiff. The defendant appeals.

The first alleged error is the refusal of the Court to direct a verdict for defendant, on the grounds: 1st. That there was no evidence that Mr. McKee was the agent of defendant company; 2d, that there was absolutely no element of damages shown. As to the first ground, we think the refusal of the presiding Judge was proper. It is well settled that where there is any evidence at all it must go to the jury. E. D. Rushton testified: "Do you know

who was the agent of the State Mutual Life Insurance Company of Rome, Ga., in Hampton County? Mr. McKee—J. W., or W. J. McKee—was the agent of the company. You had some dealings with the company? Yes, I have a policy in the company." On cross-examination testified: "From whom did you receive your information that Mr. McKee represented the State Mutual Life Insurance Company? Through Mr. McKee. In no other way? Yes, through policies I had to deliver for Mr. McKee direct from the house. You got all your information from Mr. McKee? I had communication with another agent. Who? W. G. Ruddell. Where is he? He was in Fairfax; I do not know where he is now. He is State manager for this same company." While it is true, mere declarations of a person are not proof of his agency, yet there is other evidence to warrant the question being submitted to the jury.

Nor are we prepared to say that in this case there were no actual damages. It is undisputed that plaintiff gave his note to the company, and that it is still an outstanding liability. True, plaintiff has not paid anything on the note, but the defendant refuses to give it up. In the application set out in the case, as in some applications, it was not agreed that the premium should be forfeited and go to pay the company for trouble and expense in issuing the policy if the applicant refused to accept the same when issued. It was, therefore, the duty of the defendant to surrender the note after the failure to complete the contract. This note was received as cash, and while outstanding, it, as it were, reduced the plaintiff's credit to that extent. We think the Circuit Judge was correct in holding this to be some element of damage sufficient to take the case to the jury.

Assuming, but not holding, that McKee was the agent of the company, and having power to bind it by contract, we proceed to consider whether the application for insurance

was a part of the contract of insurance and binding on the plaintiff. That the application is a part of the contract seems to be well settled by authority. Cooley, in his Briefs on the Law of Insurance, vol. I, page 676, says: "For the general purposes of construction, an application will be considered a part of the contract, if it is referred to in the policy in such a way as to indicate a clear intent to make it a part thereof." He quotes many cases supporting this view. Again, in the case of *Lee* v. *Insurance Co.,* 15 Fed. Cases, 158, 160, the following is found: "The rights of the parties are not ended or concluded with the making out of the application. When the application is made out and forwarded to the company, it is not a contract of insurance. It is only then that it has attained to the position of a proposal on one side, not accepted by the other. There is not a contract of insurance until the policy itself is delivered and accepted. * * * The authorities are uniform, I think, on that subject, and upon the authorities this application is not a mere preliminary representation, but it enters into and forms a part of the contract itself." See, also *Hopkins* v. *Hopkins* (Ky.), 17 S. W., 864; *Carson* v. *Insurance Co.* (N. J.), 39 Am. Rep., 585, and cases cited; *Kelley* v. *Insurance Co.* (Ala.), 21 So., 361. This being so, was the application, a part of the insurance contract with defendant company, binding on the plaintiff? He testified to certain oral declarations made to him by McKee and to the oral agreement made between them. Granting all this to be true, it does not follow that the defendant is liable for such agreement. The proposition of law is elementary that where a previous oral agreement is reduced to writing, the oral agreement is entirely merged into the written agreement. Mr. Page, in his recent work on contracts, sec. 1189, thus states the rule which is supported by abundant authority: "If the parties to a contract have reduced it to writing, they must intend such writing to be the repository of their common intention. It merges all prior and contemporaneous negotiations." Again, section 1195 is as follows: "The

rule that prior or contemporaneous negotiations cannot be used to contradict, add to, or otherwise vary a written contract applies not merely to the letter of the written contract, but also to its legal effect." But it is sought to be shown that plaintiff is not bound by the application because he took McKee's word for its contents, and although he signed it, yet it was with the understanding that it contained their previous oral contract. Even if this be true, it would seem unreasonable to hold the defendant responsible for the carelessness of the plaintiff in not reading or having read to him the contents of the paper he was signing. As was said in *Lee* v. *Ins. Co., supra,* where the same question arose: "He is in fault because it is a piece of gross negligence on his part to sign a document of that kind without knowing its contents, and to accept a policy containing these specific provisions, referring back to the application, without considering the effect it would have upon his rights." In this view of the case, the conclusion is necessary that his Honor, the Circuit Judge, erred in not construing the written application to be a part of the contract of insurance, and indicative of the agreement between McKee and plaintiff, and in admitting oral testimony to vary its terms.

The final question for consideration is, whether or not punitive damages are recoverable in this case. We have above reached the conclusion that the application was a part of the contract. Therefore, this action is an action on contract, and unless fraud is alleged and proved, punitive damages cannot be recovered for the breach. The general rule is thus stated in Sedgwick on Damages (8th edition), section 603: "It may be considered to be established that the motives of the defendant in breaking his contract are to be disregarded, and consequently exemplary damages are not recoverable." In this State. however, in the early case of *Bose* v. *Beattie,* 2 N. & McC., 538, the doctrine was suggested that where a breach of contract is accompanied with a fraudulent act, punitive damages are recoverable, but not for a breach unac-

companied by fraud. This principle has been recently laid down as the law in the case of *Welborn* v. *Dixon*, 70 S. C., 108, 49 S. E., 232. As no fraudulent act is here alleged, exemplary damages cannot be recovered.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, unless plaintiff surrender all of the judgment except fifteen dollars and forty-three cents, the amount of the note given by plaintiff to defendant.