## 8701

### DONALDSON v. TEMPLE.

FRAUD—CONTRACTS—PLEADINGS.—PUNITIVE DAMAGES cannot be recovered for breach of contract, except where the breach is accompanied by a fraudulent act resulting in damages to the other party to the contract. Where fraudulent breach is alleged, all the facts relied on to constitute fraud must be set out.

MR. JUSTICE FRASER *thinks the complaint alleges fraud and there is proof of it.*

Before C. J. RAMAGE, special Judge, Dillon, October term, 1912. Reversed.

Action by Kate E. Donaldson against L. W. Temple. Defendant appeals.

*Messrs. Gibson & Muller* and *Stevenson & Prince,* for appellant.

*Messrs. Gibson & Muller* cite: *Damages must be proved with reasonable certainty:* Page on Con., sec. 1675; 81 N. W. 111; 37 S. E. 4; 25 S. C. 68; 81 S. C. 181; 40 S. C. 524; 70 S. C. 16; 60 S. C. 269. *All the facts constituting the alleged fraud must be set out:* 65 S. C. 184; 58 S. C. 56; Cooley on Tort. 474.

*Mr. Stevenson* cites: *No fraudulent breach being alleged, punitive damages cannot be recovered:* 77 S. C. 192; 70 S. C. 115; 91 S. C. 420.

*Messrs. Townsend, Rogers and McLaurin,* contra, cite: *Alleging facts which were wrongful or necessarily fraudulent is sufficient:* 68 A. S. R. 777; 22 A. S. R. 126; 70 S. C. 108; 53 A. S. R. 527; 11 A. S. R. 351; 65 S. C. 179; 12 S. C. 1; 56 S. C. 241.

December 15, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action by plaintiff against the defendant for $9,000 damages on account of an alleged breach of contract by the defendant. The cause was heard in October, 1912, before special Judge Ramage and a jury. The question of damages was submitted to a jury and resulted in a verdict for the plaintiff for $3,000. after entry of verdict and decree of Court, ordering sale of premises and referring the case to the master for Dillon county for the purpose of an accounting between the plaintiff and defendant, an appeal was taken by the defendant, both from the judgment for damages and from the decree of the Court, and the defendant by seventeen exceptions alleges error on the part of his Honor in the trial of the cause and asks reversal.

We will first consider exceptions 7, 8, 9, 10, 11, and 12. These exceptions allege error on the part of the Court in holding that the complaint alleged fraud; in refusing to direct a verdict as to punitive damages, and in submitting that issue to the jury. It is a well settled rule that all of the facts constituting the alleged fraud must be set out in the complaint. "It is not necessary that the pleading allege fraud in direct terms; the charge may be sufficiently made by stating the facts from which fraud is necessarily implied." Ency. of Pleading and Practice, vol. 9, 695.

16—96

"But where the acts set forth in a bill in equity do not themselves constitute fraud, charges that the acts set forth are fraudulent do not present sufficient grounds of equity jurisdiction." Ency. of P. and P., vol. 9, 695; *Van Well* v. *Winston,* 115 U. S. 228.

"Whether the fraud be alleged in the declaration, complaint or bill, or set up by way of defense in pleas, answer or replication, it is essential that the facts and circumstances which constitute it should be set out clearly, concisely and with sufficient particularity to appraise the opposite party of what he is called upon to answer." *State* v. *Jaques,* 65 S. C. 184, 43 S. E. 515; *Gem Chemical Co.* v. *Youngblood,* 58 S. C. 56, 36 S. E. 437.

Nowhere in the complaint do we find any general or special allegation of fraud. There was no allegation that the defendant was overreached or deceived. By the allegation of the complaint the defendant was advertised that he would have to answer a cause of action for recklessness, wilfulness, and wantonness, not one for deceit and fraud. We do not think under the pleadings in this case that there was any allegation of fraudulent breach of contract and that being the case no punitive damages could be recovered. *Prince* v. *Insurance Co.,* 77 S. C. 192, 57 S. E. 766.

This Court uses the following language in the case of *Givens* v. *Electric Co.,* 91 S. C., on page 424, 74 S. E. 1067: Mr. Justice Hydrick, in rendering the opinion of the Court, says: "Evidence was admited over defendant's objection to prove remote and speculative damages, the Court holding that the complaint alleged a wilful and wanton violation of the contract which, if proved, would entitle the plaintiff to punitive damages. This was error. Punitive damages are not recoverable for breach of contract, except where the breach is accompanied by an intent to defraud the other party to the contract. *Wellborn* v. *Dixon,* 70 S. C. 108, 49 S. E. 232. There is no allegation of fraud in this case, therefore punitive damages are not

recoverable, notwithstanding the allegation of a wilful and wanton violation of the contract by the defendant."

In this case there was neither allegation or proof of fraud, and while his Honor correctly instructed the jury as to what the law was on this line, he was in error in construing the pleadings and in not directing a verdict as to punitive damages on the ground there was no allegation or proof of fraud on the part of the defendant in the breach of the contract. These exceptions are sustained.

While a new trial should be granted on these exceptions, and it is unnecessary to consider the others, an examination of all the testimony in the case fails to convince us that there is any evidence at all that would warrant a verdict against the defendant for exemplary damages. The contract between the parties is sufficient to fix the damages by way of compensation to the plaintiff, if she has sustained any, by breach of the same.

The judgment is reversed.

MR. JUSTICE HYDRICK. I concur in the opinion of Mr. Justice Watts. But I wish to take advantage of this opportunity to correct an error of mine in the statement of the rule when punitive damages may be recovered in actions growing out of breach of contract in *Givens* v. *Electric Co.,* quoted in the opinion of Mr. Justice Watts. The rule is there stated too broadly. Instead of saying that such damages are not recoverable, except where the breach is accompanied by a fraudulent *intent,* I should have said, except where the breach is accompanied by a fraudulent *act,* resulting in damages to the other party to the contract, which is as far as any of our cases have gone, as will be seen by reference to the case of *Wellborn* v. *Dixon,* where they are all cited and discussed.

THE CHIEF JUSTICE AND MR. JUSTICE WATTS *concur.*

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the majority of the Court in this case, for the reason that it seems to me that the complaint does allege fraud.

The complaint alleges : "That said defendant's neglect and refusal to furnish said money was done by him with intent to injure this plaintiff by depriving her of the one means by which she could hope to pay for the indebtedness against said property. Hoping thereby to force this plaintiff to forfeit said property to him, although said property was well worth more than double the amount of her indebtedness. That the defendant's neglect to discharge his obligation in said contract in utter disregard of the rights of this plaintiff was done with wilful and wanton intent to injure this plaintiff."

It is true the plaintiff does not use the word "fraud," but that which is done with intent to deprive another of his rights is fraud, and the plaintiff has alleged that which would make fraud and therefore, it seems to me, has alleged fraud. Whatever may be thought of the preponderance of the evidence, I think there was evidence from which the jury might have inferred fraud. The question for this Court is, was there any evidence?

Neither can I concur in the statement of Mr. Justice Hydrick at the conclusion of the opinion of Mr. Justice Watts, because fraud includes omission as well as commission.

It seems to me that an act is not fraudulent in itself and only becomes fraudulent when there is an intent to deprive another of some legal right.

The statement, therefore, which confines fraud to an act, ignores fraudulent omission and concealment and also ignores what I deem to be the rule, that there must not only be an act or omission, but the act or omission must be done with fraudulent intent.