## 9055

### THE MUTUAL LUMBER CO. v. SOUTHERN RAILWAY CO.

(84 S. E. 994.)

CARRIERS OF GOODS—PLEADINGS—DEFENSES—APPEAL AND ERROR.

1. CARRIERS—PLEADINGS—DEFENSES.—An allegation in answer that defendant carrier delivered goods in accordance with directions from consignee, is relevant in an action against the carrier for conversion of such goods.

2. PLEADINGS—ANSWER—DEFENSES.—Statements in an answer about the transaction alleged in the complaint, and inconsistent with such allegations may be relevant as constituting a defense.

3. PLEADINGS—ANSWER—DEFENSES—APPEAL AND ERROR.—Striking out, as redundant, a plea of ‘facts which might be shown under a general denial in the same answer is not prejudicial error.

Before HON. W. A. HOLMAN, special Judge, Columbia, May, 1914.   Appeal dismissed.

Action by the Mutual Lumber Company against Southern Railway Company for conversion of certain goods. The defendant appeals from an order striking from the following answer the portion enclosed in brackets:

1. Defendant has no knowledge or information sufficient to form a belief as to the allegations of paragraph one, and, therefore, denies the same.

2. Admits the allegations of paragraph two.

3. As to the allegations of paragraphs three, four and five, defendant admits that on the day named it received from C. D. Shealy, Pomaria, S. C., the carload of lumber referred to in the complaint consigned to the plaintiff herein at Norfolk, Va., which said car the defendant duly and

promptly transported to destination [and with reference thereto defendant alleges that said shipment was billed out on open bill of lading and that the consignee, the plaintiff herein, attached to a draft the said bill of lading, and also an order on defendant's agent at Norfolk, Va., to divert the car to Owen M. Bruner Company; that the Owen M. Bruner Company was notified by plaintiff of what they had done and in turn said Owen M. Bruner Company issued and delivered an order to defendant's agent at Norfolk, Va., to deliver said car to the Atlantic Creosoting and Wood Preserving Works; that in compliance with said orders defendant's agent at Norfolk, Va., delivered said car to the Atlantic Creosoting and Wood Preserving Works. Defendant further alleges, on information and belief, that when said car of lumber was unloaded by the Atlantic Creosoting and Wood Preserving Works it was discovered that two-thirds of the lumber was unfit for the purpose for which it was bought, and, thereupon, said Atlantic Creosoting and Wood Preserving Works notified the Owen M. Bruner Company of such fact, and of the fact that the government inspector would not pass but eleven pieces of the same, leaving eighty-nine pieces on its hands; that said Owen M. Bruner Company, after being advised of the condition of said lumber, as above stated, refused to honor the draft of the plaintiff made upon it.]

Denies each and every allegation in paragraphs three, four and five not hereinabove specifically admitted.

The errors assigned were as follows:

(a) As to the first alleged cause of action it is submitted that if defendant produces proof to sustain said allegations it would relieve it of any liability as such facts would show a lawful and proper delivery of the carload of lumber in question.

(b) Certainly his Honor erred in striking out the allegations down to the words "defendant further alleges,"

because the preceding allegations stricken out, if proven, show a lawful and proper delivery by defendant.

(c) The allegations stricken out are relevant and material as to the amount of damages, if plaintiff be entitled to any.

(d) As to the second alleged cause of action: Said allegations are material and constitute a defense for the reason that they go to show there was no conversion, as is alleged, and, further, that there was no wilfulness on the part of defendant. They are also material on the question of damages, if any.

(e) It appears from the complaint that the shipment in question was an interstate shipment and is, therefore, governed exclusively by the act to regulate commerce, as amended and acts supplementary thereto, and the said allegations of the answer are in this aspect of the case most pertinent, in that, if proven, they would show that plaintiff is not entitled under said acts to recover any amount whatsoever on the second alleged cause of action; and because said allegations, if proven, would show no wilfulness.

(f) As to the third alleged cause of action: It appears from the complaint that the shipment in question was an interstate shipment and is governed exclusively by the Federal law. Under said law, the said allegations are material and constitute a defense to the third alleged cause of action, and, if proven, would prevent plaintiff from recovering any amount whatever. On the other hand, if section 2570, Code of Laws of South Carolina 1912, applies (which is denied), then the said allegations are material and constitute a defense under section 2570, which provides that, "If any common carrier shall 'convert and appropriate to its own use,' etc., and, further, it is provided thereby that said section shall have no application 'when the conversion is in consequence of the property being so damaged in transportation as to render it unfit for the purpose intended, or when

the common carrier, through error, delivers the property
being transported to the wrong consignee.' "

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant,
cite: *As to abuse of discretion:* 94 S. C. 16. *As to
delivery on order of consignee:* 42 Mo. App. 284; 71 N. W.
255; 17 Ill. App. 231; 12 Mass. 565; 2 Hutch. Carriers
(3d ed.), secs. 735, 678; 79 S. C. 519; 56 Mich. 522; 23
N. W. 204.

*Mr. C. S. Montieth,* for respondent: *Allegations stricken
out were irrelevant and redundant:* 67 S. C. 399. *Con-
signee held title:* 90 S. C. 4. *Delivery without lawful excuse
or authority a conversion:* 48 S. C. 421; 89 S. C. 537; 5
A. & E. Ann. Cas. 98; 42 Mo. App. 284. *Punitive dam-
ages:* 90 S. C. 370; 83 S. C. 501; *Ib.* 455. *Penalty:* 233
U. S. 325.

April 7, 1915.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The appeal is by the defendant and from an order of
the Circuit Court. Thereby a portion of the answer was
stricken out upon a motion by the plaintiff charging that
it was irrelevant and redundant.

All told, there are five persons concerned in the transac-
tion, though only two such are parties hereto.

The railway company carried from Pomaria, in this
State, to Norfolk, Va., a lot of timber alleged to be worth
$281.60. The timber was sent from Pomaria by one
Shealy and it was sent to the Mutual Lumber Company
(the plaintiff) at Norfolk.

From the plaintiff the timber is alleged to have gotten
into the possession of the Bruner Company. From the
Bruner Company the timber is alleged to have gotten into
the possession of a creosoting company.

The plaintiff, the Bruner Company, and the creosoting company all reside in Norfolk, and so must the defendant also.

The delict charged was also done at Norfolk, but the action is brought here.

Shealy, of Pomaria, is in no way involved in the transaction.

It does not appear if the plaintiff paid Shealy for the timber; the assumption is it did.

The wrong charged, without setting out the three causes of action alleged, is that the timber reached Norfolk and the defendant there converted the same to its own use; how, it is not alleged. The plaintiff demanded judgment for the value of the timber; also $1,000.00 for a wilful tort; also $1,408.08 for the penalty imposed by our statute.

The defendant admitted the receipt and carriage of the timber from Pomaria to Norfolk; but denied the alleged wrongful act of conversion.

The defendant also plead the words, which have been stricken out. Those words were inserted in the answer to each of the three causes of action.

The exceptions make only three issues which it is necessary to consider at this stage of the procedure, and they are these: Are the words irrelevant, are they redundant and did the Judge abuse his discretion in striking them out: The other questions made by the exceptions involve the merits and may be made at the trial of the cause.

The words will be reported; they are involved in statement, and their meaning is not readily apparent.

But it becomes manifest on reflection that the defendant in fact alleged this: That the timber was sent by Shealy to Norfolk to the plaintiff and it reached that destination; that the plaintiff attached a bill of lading to a draft on the Bruner Company and an order on the defendants to deliver the timber to the Bruner Company;

that the plaintiff notified the Bruner Company of its action; that the Bruner Company ordered the defendant to deliver the timber to the creosoting company; that the timber was so delivered; that the timber was defective and the creosoting company so advised the Bruner Company; that the Bruner Company then declined to pay the draft the plaintiff had drawn on it against the timber.

Manifestly, if this be true, the defendant has done the plaintiff no wrong, but has done with the timber that which the plaintiff directed it to do.

The allegation so made. is, therefore, not irrelevant, because it makes an issue which has vital connection with the plaintiff's cause of action.    Pomeroy's Code Remedies, section 567.

The plaintiff's counsel maintains that "this paragraph of the answer stated facts inconsistent with the facts stated by the plaintiff; but the facts do not constitute a defense."

If the facts alleged by defendant be inconsistent with those alleged by the plaintiff, and about the same transaction, they may constitute a defense.

The plaintiff's counsel, moreover, concedes that "if the carrier (defendant) can show that the delivery of freight was upon an order of the consignee (plaintiff), it cannot be held liable, and such proof can be shown under the general denial."

That is a concession that the *defense,* which is now sought to be plead by the exceptionable words, can be made in exoneration of the defendant; but that such defense may be proven under the general denial which is plead; and there need not be made the exceptionable plea, and because that plea is redundant.

The plaintiff's counsel admits, therefore, that the facts alleged in the exceptionable plea may be proved under the general denial.

That truth alone ought not in every instance to render the plea so redundant as to be stricken out. *Alexander* v. *DuBose,* 75 S. C. 29, 52 S. E. 786.

The same section of the Code of Procedure which empowers the Court to eliminate redundant pleas empowers it also to require the plea to be made more definite. Section 210. In both cases the Court *may* strike out or make full.

The two provisions should be co-ordinated so that one shall not impinge upon the other.

The exceptionable plea here might have been accepted as a distinct advantage to the plaintiff; it may now enquire of the Bruner Company and the creosoting company if the things alleged be true; there will now be no surprise about those matters at the trial.

But striking out the allegation will work no harm to the defendant; their insertion in the answer was not necessary to protect the rights of the defendant; the facts recited in the allegations are the evidences only of defendant's lawful conduct; the Court below regarded them as redundant and struck them out in the exercise of a wise discretion, and we shall not gainsay it.

The appeal is dismissed.