## 13460

### HOLLAND v. SPARTANBURG HERALD-JOURNAL CO.

(165 S. E., 203)

458

460

*Messrs. Perrin & Tinsley* and *J. W. Boyd,* for appellant,

*Messrs. Nicholls, Wyche & Russell,* for respondent, ▮

July 29, 1932.

The opinion of the Court was delivered by Mr. W. C. Cothran, Acting Associate Justice.

.. This appeal is from an order of Hon. W. H. Grimball, Circuit Judge, striking out of the complaint certain allegations upon motion of the defendant. It, therefore, becomes necessary to report in connection herewith the complaint, the notice to strike out, and the order of Judge Grimball.

The order from which this appeal is taken must be affirmed. In addition to the reasons assigned by the Circuit Judge, a few additional observations may be pertinent.

The facts need not be here repeated, as they are fully set forth in the pleadings and order which we have directed to be reported. We will, therefore, confine our remarks to the law applicable to those facts.

The exceptions present two main questions: (1) Was there error in striking out Paragraphs 4, 5 and 6 of the complaint; and (2) was there error in striking out portions of Paragraph 13, thereby depriving the plaintiff of a valid and legal claim? Consideration of these questions will be taken up in the order named.

These three paragraphs of the complaint refer to the purchase of the capital stock of the defendant by International Paper Company; that certain shares of stock were issued to

a citizen of Spartanburg and to two citizens of Atlanta, Ga., in order that they might be qualified as directors; and that a meeting of the stockholders of the defendant was later held at which the three citizens above referred to were elected directors. The motion to strike out was made upon the ground that those paragraphs contained allegations which were irrelevant, redundant, and immaterial.

Many times has the word "irrelevant" been defined by the Courts. The definition in *Mutual Lumber Company v. Southern R. Co.* in 100 S. C., 415, 84 S. E., 994, taken from Pomeroy's Code Remedies, is quite clear and to the point to the effect that it must make an issue "which has vital connection with the plaintiff's cause of action."

The cause of action as alleged in the complaint is for breach of contract. As the complaint was complete without allegations as to who owned the stock and who constituted the board of directors of the defendant, it cannot be soundly held that those allegations had a vital connection with the cause of action. The allegations were, therefore, irrelevant and were properly stricken out on motion. See *Watford v. J. K. Windham & Co.*, 64 S. C., 509, 42 S. E., 597, and *Gadsden v. Catawba Water Power Co.*, 71 S. C., 340, 51 S. E., 121.

The portions of Paragraph 13 which were stricken out of the complaint had to do with allegations of malicious and fraudulent intent, the same being the basis for punitive damages. If punitive damages be not a proper element in this case, then it goes without saying that the order of the Circuit Judge was correct. Our attention will, therefore, be directed to this inquiry.

There are two leading cases in this State on the subject of damages for breach of contract. They have been often cited and universally followed. They are *Sitton v. MacDonald*, 25 S. C., 68, 60 Am. Rep., 484, and *Welborn v. Dixon*, 70 S. C., 108, 49 S. E., 232, 3 Ann. Cas., 407. The former holds that in actions arising from breach of contract the amount

of recovery is limited to such damages as are the direct, natural and proximate result of the breach. The latter holds that where the breach of contract is accompanied by a fraudulent act then punitive damages as well as actual damages may be recovered. It is not always an easy matter to say just what damages are permissible under the first case, and it is still less easy to determine the punitive damage feature based upon fraud as outlined in the second case. We will mention some of the decided cases.

*Donaldson v. Temple,* 96 S. C., 240, 80 S. E., 437, was a case in which both actual and punitive damages were claimed for an alleged breach of contract. The opinion declares that there was no sufficient allegation of a fraudulent breach of contract, although the nature of the contract and the allegations as to its fraudulent breach are not set forth in the report of that case. We gather from the dissenting opinion, however, that the ground of fraud was the neglect and refusal of the defendant *to furnish money* as per the terms of the contract; such refusal being characterized as willful and wanton. These allegations were held insufficient to support a claim for punitive damages based upon a fraudulent act accompanying the breach of contract. In *Reaves v. Western Union Tel. Co.,* 110 S. C., 233, 96 S. E., 295, 297, the Court cites *Welborn v. Dixon, supra,* as authority for the declaration that "punitive damages are not recoverable for the mere breach of a private contract, in the absence of circumstances giving rise to a cause of action for fraud."

"It is needless to say that proof of the mere violation of a contract will not support an allegation of fraud," is the language of the Court in *Caldwell v. Duncan,* 87 S. C., 331, 69 S. E., 660, 663. This statement is quoted with approval in *Coleman v. Stevens,* 124 S. C., 8, 117 S. E., 305.

The motives of one who breaches a contract may be disregarded in estimating the amount of recoverable damages. Only in cases of a fraudulent act accom-

panying the breach can the recovery be more than such damages as are the natural and proximate result of the breach. *Prince v. State Mut. Life Insurance Co., 77* S. C., 187, 57 S. E., 766.

In *Givens v. North Augusta Electric & Imp. Co.,* 91 S. C., 417, 74 S. E., 1067, 1070, the case of *Welborn v. Dixon, supra,* is again followed; the Court saying: "\* \* \* punitive damages are not recoverable for breach of contract, except where the breach is accompanied by an intent to defraud." This opinion was by Mr. Justice Hydrick, who later in *Donaldson v. Temple, supra,* changed the word "intent" to "act."

In *Latimer v. York Cotton Mills,* 66 S. C., 135, 44 S. E., 559, the Court cites many cases and holds that the measure of damages for breach of contract for personal services is the salary to be paid for the contract time, less mitigating facts.

The correctness of the principles embodied in the foregoing authorities can hardly be disputed. The appellant, however, contends that his case should be governed by the cases of *Sullivan v. Calhoun,* 117 S. C., 137, 108 S. E., 189, and *Winthrop v. Allen,* 116 S. C., 388, 108 S. E., 153, 156. A brief review of these cases shows that in the first-mentioned case punitive damages were allowed for breach of contract because of the fraud on the part of the defendant. Property was leased to the defendant "on halves," and after the crop was well under way the plaintiff ran the defendant off the premises, gathered the crop, and refused to make any accounting to the defendant for his part thereof. The taking of the part of the crop which belonged to the defendant was the fraudulent act, as held by the Court, upon which punitive damages were allowed.

The second case relied upon (*Winthrop v. Allen*) was a tort case. The opinion states that the allegations as to breach of contract were merely preliminary to the action on tort. It is true that the opinion in this case tends to criticize cases

of *Prince v. State Mut. Life Insurance Company* and *Givens v. North Augusta Electric & Imp. Co.,* above cited, yet when it is considered that the *Winthrop case* was dealing solely with a claim in tort while the *Prince* and *Givens cases* were in contract, the criticism can be easily understood and the cases readily reconciled. In the *Winthrop case* the defendant set up a counterclaim in tort against a suit by his landlord for rent under a rental contract. The Circuit Judge dismissed the counterclaim, and upon appeal to this Court the respondent relied upon the *Prince, Givens,* and similar cases. In reversing the ruling of the Circuit Judge in dismissing the counterclaim which was based on tort, the Court said: "Even if the language we have quoted is susceptible of the interpretation that punitive damages are recoverable when there is a breach of contract accompanied with a fraudulent act, but that such damages cannot be recovered, when the tortious act is committed willfully or wantonly, then it is a mere dictum which is not to be followed."

It is perfectly clear that punitive damages are always recoverable for a "tortious act committed willfully or wantonly," but we cannot say that the *Winthrop case* intended to overrule the long line of cases following *Welborn v. Dixon,* which dealt solely in contract. In fact, the doctrine of *Welborn v. Dixon* can be traced back to *Rose v. Beatie,* 2 Nott & McC., 538, which, in turn, relies upon several old English cases for its authority.

Following the *Winthrop case* in holding that reference to the contract may be merely preliminary to the action in tort are the cases of *St. Charles Merc. Co. v. Armour & Co.,* 156 S. C., 397, 153 S. E., 473, and *Spratt B. & L. Ass'n v. Roper,* 160 S. C., 240, 158 S. E., 495.

In addition to the *Winthrop case,* another case arises to somewhat becloud the issue. *Huffman v. Moore,* 122 S. C., 220, 115 S. E., 634. That case was a suit for actual and punitive damages for breach of warranty in the sale of an automobile. The charge of the Circuit Judge which was ap-

proved under the authority of *Sullivan v. Calhoun, supra,* but by a divided Court, was as follows: "If you should find that the defendant wantonly or recklessly, or in utter disregard of the plaintiff's rights, breached the contract of warranty, you could find punitive damages against the defendant."

This charge is not authorized by the case of *Sullivan v. Calhoun,* and the case should be overruled as being in conflict with the. adopted view of the South Carolina cases, if warranty be a contract and if the cause of action be on contract. However, we gather from the meager report of the case that the real foundation of the suit was based on tort. In this view the decision can be sustained on the strength of the above quotation from the *Winthrop case.* There may be an agreement to give a warranty to a contract, but the warranty itself is not the contract; it is merely collateral or incidental thereto and, to that extent, is a part thereof.

After this discussion of the authorities, we return to the case before us. According to the appellant, his cause of action is for a "breach of contract of employment," and, as before stated, he seeks to bring himself under the rule as to punitive damages recognized in the cases of *Sullivan v. Calhoun, Winthrop v. Allen* and *Bradley v. Insurance Co.,* 162 S. C., 303, 160 S. E., 721. We have fully discussed the *Winthrop case.* The other two involved the fraudulent acts of appropriating the property of the plaintiffs to the use· of the defendants. In his attempt to bring himself within this rule, the plaintiff says that the defendant has appropriated to itself the salary which the plaintiff would have earned and that this was a fraudulent act. We cannot adopt this view. To do so would be equivalent to saying that every unpaid debt carries with it the implication of fraud on the part of the debtor; that the debtor has converted to his own use the money of another or that he has misappropriated that which was always his own.

The making of a contract is a legal right enjoyed by the public generally, and no man is denied the right to break a contract; but in so doing he makes himself liable for the consequences in such damages as are the natural result of his act. The mere fact that a contract was broken does not carry with it the stigma of fraud, bad faith, malice, or wantonness. Frequently a contract is broken from dire necessity or the utter inability of one party to perform, and such cases would be entirely free from fraud or other evil intent. To further illustrate the difference between claims for punitive damages in suits *ex contractu* and suits in tort, acts of willfulness will support punitive damages in tort cases (*Vance v. Ferguson,* 101 S. C., 125, 85 S. E., 241) but will not in suits arising *ex contractu* (*Welborn v. Dixon,* 70 S. C., 108, 49 S. E., 232, 3 Ann. Cas., 407), and especially in breach of contract cases, although in such cases the voluntary breach is of necessity an act of volition, or the exercise of the will, on the part of the one who breaks the contract.

The judgment of this Court is that the order of the Circuit Court be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.