13609

HALL v. GENERAL EXCHANGE INS. CORPORATION OF NEW YORK

(169 S. E., 78)

April, 1932.

Messrs. *Lide & Felder* and *C. E. Summers,* for appellant.

Messrs. *Adam H. Moss* and *P. F. Haigler,* for respondent,

April 4, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The complaint in this action, omitting formal parts, in the second and third paragraphs thereof, alleged that the defendant issued to the plaintiff a policy of fire insurance, covering one Chevrolet truck, in the amount of $200.00; and that, during the life of the policy, the truck was de-

stroyed by fire to the plaintiff's damage in the sum of $200-.00.

The fourth paragraph of the complaint, in full, was as follows: "That subsequent to the destruction of the truck by fire, the defendant, through its agents or servants, entered into negotiations with the plaintiff for a settlement of the loss under its policy, and in order to settle and adjust the matter, this plaintiff agreed to accept the sum of Eighty-five ($85.00) Dollars, net to him after paying an existing lien thereon, to all of which the defendant agreed, but that the defendant has willfully, wantonly and with intent to defraud this plaintiff, refused to pay to plaintiff the said amount agreed upon, and has attempted to over-reach this plaintiff to his damage, actual and punitive, in the sum of Twelve Hundred ($1,200.00) Dollars."

After denying generally the allegations of the complaint, which were not later admitted, the defendant acknowledged its issuance of the policy, and alleged that the insured in the policy were the plaintiff, and, also, Wannamaker Motor Company, the dealer who sold the truck to the plaintiff and held a purchase money lien thereon, and General Motors Acceptance Corporation, to which corporation Wannamaker Motor Company had assigned its lien.

Admitting that the truck had been damaged by fire, the defendant also alleged that one of its adjusters and the plaintiff had agreed upon the value of the truck at the time the damage occurred, and fixed the same at $110.00; that the salvage in the truck was agreed upon and fixed by the parties at the sum of $25.00; that the total amount for which the defendant was liable was the sum of $85.00; that following such adjustment, the plaintiff retained the salvage in the truck, and agreed upon the sum of $85.00 as full settlement, the lien debt, amounting to $66.00, to be paid therefrom; and, in pursuance of that agreement, the lien was paid, and the balance of $19.00 tendered to the plaintiff, which tender was refused.

On the trial of the case, the plaintiff offered evidence to show that the agreement between the adjuster of the defendant and the plaintiff was that the plaintiff was to receive $85.00 net, after payment of the lien debt of $66.00. The defendant offered evidence to show that the agreement was that the sum of $85.00 was to be in full settlement, and the lien debt was to be paid therefrom. The written agreement between the parties was ambiguous. The damage to the plaintiff was stated therein to be $85.00. Just above his signature, however, the plaintiff wrote in the agreement, "The amount of my claim is $85.00."

In its motion for a directed verdict, the defendant conceded that the plaintiff was entitled to a verdict for $19.00, but it contended he was not entitled to any greater sum. It moved for a directed verdict in its favor as to actual and punitive damages. The position as to punitive damages was that the complaint alleged only a breach of contract, and not a breach accompanied by a fraudulent act, and that there was no evidence of any fraudulent act to the damage of the plaintiff.

The County Judge, Honorable B. H. Moss, after expressing grave doubt as to what he should do, decided to submit the matter to the jury.

The verdict rendered was in favor of the plaintiff for $176.00 actual damages, and $1,000.00 punitive damages.

On motion for a new trial, the County Judge held that the actual damages should not have exceeded $134.00; and that he had committed error in submitting to the jury the question of punitive damages. Accordingly, he ordered a new trial, unless the plaintiff remitted all actual damages in excess of $134.00 and all the punitive damages.

The appeal here is on the part of the plaintiff from the order granting the new trial. He does not question the holding as to actual damages, but contends that the order as to punitive damages was erroneous.

Recently this Court considered fully the question of punitive damages for breach of contract. See *Holland v. Spartanburg Herald-Journal Company,* 166 S. C., 454, 165 S. E., 203. Mr. Acting Associate Justice W. C. Cothran went fully into several of the former decisions of this Court in which that question had been involved. It was expressly held, "Only where breach of contract is accompanied by fraudulent act may punitive damages be recovered" (Syllabus). He said for this Court, " * * * Acts of willfulness will support punitive damages in tort cases * * * but will not in suits arising *ex contractu.*"

The complaint in the case at bar did not allege any fraud on the part of the defendant as to the making of the contract for settlement; nor did it allege any intent to defraud in the making of that contract. There may have been in the instrument an allegation of "intent to defraud" on the part of the defendant as to the breach of the contract, but there was not set forth any charge of a fraudulent act on the part of the defendant as to the alleged breach.

In *Givens v. North Augusta Electric, etc., Co.,* 91 S. C., 417, 74 S. E., 1067, Mr. Justice Hydrick inadvertently said that punitive damages might be recovered in actions growing out of breach of contract when the breach was accompanied by a fraudulent intent. He took occasion in *Donaldson v. Temple,* 96 S. C., 240, 80 S. E., 437, to correct the error into which he had formerly fallen, and agreed that the breach must be accompanied by a fraudulent act, and, in effect, said that proof of fraudulent intent was not sufficient.

In a complaint for breach of contract, where accompanying fraud is alleged, it is necessary that the facts relied upon to constitute the fraud must be set out. *Donaldson v. Temple, supra.* The complaint here alleged no fraudulent act in connection with the breach of the contract.

Punitive damages are not recoverable for the mere failure or refusal to pay a debt. *Holland v. Spartanburg Herald-Journal Company, supra.*

Under the allegations of the complaint, the plaintiff was not entitled to recover punitive damages.

The order appealed from is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.