13612

BENNETT v. DODGE BROS. CORPORATION

(169 S. E., 80)

January, 1932.

*Messrs. Berry & Berry* and *Wolfe & Wolfe,* for appellants,

*Messrs. Lide & Felder* and *C. E. Summers,* for respondent,

April 5, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The plaintiff and defendant entered into certain written contracts, wherein it was agreed that the plaintiff was to act, in the City of Orangeburg and surrounding designated territory, as dealer for the defendant in the sale of automobiles and repair parts. Either party had the right to terminate the agreement upon thirty days' notice to the other party. If the defendant canceled the agreement, it was to purchase, within sixty days after the date of the cancellation, all the repair parts in the hands of the plaintiff, which were to be paid for by the defendant at the prices charged the plaintiff for them, less 10 per cent. as a handling charge.

On June 4, 1931, pursuant to notice, the defendant canceled and terminated the agreements. One of its representatives, as per the contract, took up some of the repair parts, for which the plaintiff was paid. There being some delay for some reason or other as to a full completion of the repurchase of the parts by the defendant, the plaintiff, after the expiration of the sixty days named in the contract, entered this suit.

After reciting the essential facts, as stated by us, the plaintiff alleged in his complaint "that such failure on the part of the defendant to carry out the said agreement was willful and wanton and with intent to defraud this plaintiff out of the amount he had invested in such parts, or repair parts, under the said contracts to his damage in the sum of Twenty-five Hundred ($2,500.00) Dollars, actual and punitive." The complaint did not set up any special damages, and particularly it did not refer to any claim for rent or storage or interest.

The defendant did not answer the complaint within due time. Its application for leave to answer after the time expired was refused.

The trial was had in the Common Pleas Court of Orangeburg County with his Honor, Judge Mann, presiding. Although the defendant was in default, the trial Judge allowed its counsel to take part in the empanelling of the jury, in the examination of the plaintiff, who was the sole witness in his behalf, and in the discussion of the instructions to the jury; but the defendant was not permitted to introduce any evidence.

The plaintiff testified that, under the terms of the contracts between the defendant and himself, the amount due by the defendant for the parts he resold the defendant was $1,593.59; that the interest, presumably at the legal rate for the proper time, amounted to $97.60, and that the rent for space in his place of business, where the repair parts were kept for the time he had them after the contracts were terminated, amounted to $285.85.

Under the instructions given to them by the trial Judge, the jury were permitted to return a verdict for the cost of the parts, interest on the amount due therefor, at the legal rate of 7 per cent., from August 4, 1931, sixty days after the termination of the contracts, and for the rent. Under his charge, the jury were also permitted to give a verdict for punitive damages.

The verdict returned was in favor of the plaintiff for $1,977.04, actual damages, and $522.96, punitive damages, a total of $2,500.00, the exact amount demanded in the complaint. Presumably from the record, and the attorneys appear to so concede, the verdict for actual damages included the price of the parts, interest on the amount due therefor, and the rent, as testified to by the plaintiff.

A motion for a new trial, and likewise one for a new trial *nisi*, on the part of the defendant were refused. Those motions were based upon the position that there was no proper basis for a verdict for the interest, the rent, or for punitive damages. And the questions raised in the motions are the ones for our consideration on the appeal to this Court.

Clearly, under the language of the complaint, particularly that which we have quoted, there was no basis for punitive damages. There was no charge in the complaint that the defendant's alleged breach of contract was accompanied by an act of fraud. See *Hall v. General Exchange Insurance Corporation,* 169 S. E., 78, recently decided by this Court.

It is our opinion, also, that the defendant was not liable for the rent or storage charge, as it was held by the learned trial Judge. Nothing in the contract, which has been presented to this Court. shows any agreement on the part of the defendant to pay rent for a place to keep the parts. On the contrary, it appears, so far as the record here discloses, that the plaintiff was to furnish the place of business. There was no testimony in the case to show that the defendant at any time after the contracts were terminated agreed to pay rent or storage.

There was no relationship of landlord and tenant between the parties. The complaint, while very general, claiming only "damages," was not broad enough to put the defendant on notice that any claim for rent or storage would be made. The plaintiff had the right, under the contract, to

ship the goods at any time, after the expiration of the sixty days from the termination of the contracts, to the defendant, which course the plaintiff did not pursue.

We think the plaintiff was entitled to interest. In █ *Columbia Lumber & Manufacturing Co. v. Globe Indemnity Co.,* 166 S. C., 408, 164 S. E., 916, 918, Mr. Justice Stabler, for this Court, considered carefully the right to interest. Some of his language was as follows: "The amounts due to the plaintiffs here under their contracts, if not certain, were at least capable of being reduced to a certainty, and were payable at definite, or definitely ascertainable, dates. Under the authorities cited, the claims would clearly bear interest from their respective due dates, any discounts which might be shown to exist not impairing the claim for interest on the balance, when such balance was adjusted by the finding of the Court."

On the authority of that case, and the succeeding case of *Leaphart v. National Surety Co.,* 167 S. C., 327, 166 S. E., 415, we conclude there was no error in the county Court as to the interest item.

The judgment of this Court is that the judgment of the lower Court be reversed and a new trial had, unless the plaintiff shall, within twenty days from the filing of the remittitur in that Court, remit on the record of the judgment in his favor the sum of $285.85, allowed him as rent, and the sum of $522.96 awarded him as punitive damages.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.