14853

RAST v. SOVEREIGN CAMP, W. O. W.

(2 S. E. (2d), 400)

*Messrs. Lide & Felder* and *Louis Rosen,* for appellant,

*Messrs. L. Marion Gressette* and *W. R. Symmes,* for respondent,

April 3, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The respondent recovered a verdict in the lower Court against the appellant for the sum of $750.00, actual damages, and $1,750.00, punitive damages, on account of the alleged unlawful and fraudulent cancellation of an insurance policy which had been issued to him by the appellant on July 5, 1929.

The salient facts are these: The respondent was a member of his local camp Woodmen of the World and upon his application the Sovereign Camp issued to him, on January 13, 1908, a beneficiary certificate in the amount of $1,000.00 upon his life. The certificate or policy provided,

among other things, that it was issued and accepted subject to all the conditions thereof, and subject to all the laws, rules, and regulations of the appellant then in force or that might thereafter be adopted, and that it would become null and void if the insured member failed to comply with all of such conditions, laws, rules and regulations. It further provided that if the dues and assessments levied against an insured member were not paid to the financial secretary of his local camp as required by the constitution and laws of the order, the certificate would become null and void, and continue so until payment was made in accordance therewith.

The original certificate issued to the respondent in 1908, in addition to other benefits, provided for a monument in case of death, and also for disability benefits, but about the year 1919 the constitution, laws and by-laws of the appellant were so amended that the premium rates were increased, and the provision for a monument and for disability benefits were eliminated.

The respondent paid the monthly premiums as required by the terms of the contract for more than twenty years, until June, 1929, when, upon his application, the appellant issued to him, under the amended plan and in substitution for his original certificate, a new certificate, in the amount of $1,000.00. The respondent accepted this exchange. This new certificate of insurance thereupon became effective on July 5, 1929, and required a monthly premium payment of $3.74, together with local camp dues, amounting to 20c per month.

The appellant cancelled the policy because of the alleged failure of the respondent to pay the monthly installment for December, 1931, whereupon this suit followed.

It was admitted upon trial by the appellant that all monthly payments required of the respondent under the certificate were received by the Sovereign Camp up to and including the monthly installment for the month of Novem-

ber, 1931. Respondent contends that the installment of December, 1931, was also paid.

The controversy centers around a payment made by the respondent to T. J. Wactor, financial secretary of his local camp, amounting to $47.28, which he claims paid his camp dues and installments, in advance, for the entire year of 1931. He was given an official receipt by the financial secretary, dated December 27, 1930, which acknowledges payment of the said amount of $47.28:

"For Sov. Camp Fund Annual Ass't from 12 to
   12
"Or Sov. Camp Fund monthly Installment No.
"Monthly Camp Dues
For 1931
"Specials ...........................Total.  $ 47.28."

The notation "for 1931" appears in the receipt just as we have placed it, between "M o n t h l y Camp Dues" and "Specials."

Respondent likewise introduced in evidence receipts showing the payment by him of his monthly dues to the local camp secretary from January, 1932, through November, 1932.

The appellant contends that this annual payment in advance covered the period from December, 1930, up to and including November, 1931. Under this contention it asserts that the installment payable in December, 1931, was not paid, and not having been paid, the certificate was properly cancelled.

The assistant secretary of the Sovereign Camp testified by deposition that the appellant had not received any remittance of any monthly installments paid by the respondent during the year 1932 to the local financial secretary, which payments were evidenced by official receipts from the local secretary.

It also appears from the testimony of the respondent that the local financial secretary of his camp told him, in No-

vember, 1932, that his certificate carried a provision for an automatic premium loan after thirty-six monthly payments had been made, and that this feature carried the certificate in force for four or five years, without further payment of any monthly installments; that relying upon this statement the respondent did not commence making monthly payments again until July, 1936. He introduced official receipts in evidence showing payment by him of the monthly installments for July, August, and September, 1936. After this time the financial secretary refused to accept any further payments, and advised him that his policy was cancelled. Whereupon, the respondent, on October 26, 1936, wrote to the Sovereign Clerk of the appellant at Omaha, Nebraska, asking for information about his policy, in which letter he stated that he had paid his monthly dues for July, August, and September, 1936; that the local financial clerk refused to accept further monthly payments; and requested information as to how to get the matter straight. The Sovereign Camp replied to this letter on October 30, 1936, advising the respondent that his policy was no longer in force, owing to his suspension for the nonpayment of the December, 1931, installment, and as he had not completed the payment of thirty-six monthly installments the automatic premium loan feature did not become effective. He was further advised that his insurance had lapsed and all rights under the certificate were forfeited; and that the local financial secretary should refund to him the payments he had made for July, August, and September, 1936, which the Sovereign Camp alleged it had never received.

The lower Court overruled the motion of the appellant for a directed verdict on the whole case, which was made upon the ground that the respondent had not made the payments required of him.

In our opinion, the motion was properly overruled as to actual damages. There was sufficient evidence upon which to submit to the jury the question as to

whether the monthly installment for December, 1931, was paid. This issue was properly submitted upon the appellant's testimony and the official receipt introduced in evidence of date December 27, 1930. It was for the jury to say whether the payment of $47.28 covered the monthly installments for all of the year 1931.

The appellant complains because the lower Court submitted the question of punitive damages to the jury, and contends that there is no testimony to substantiate the claim that the appellant had devised or planned a fraudulent scheme to defraud the plaintiff out of his insurance. In other words, that there was no evidence to show that the appellant had breached the insurance contract with a fraudulent intention accompanied by a fraudulent act.

It is insisted that punitive damages cannot be recovered against the Sovereign Camp for the fraud perpetrated by the local financial secretary in wrongfully appropriating the monthly installments paid by the respondent in 1932 and 1936; that these payments were never transmitted to the Sovereign Camp, as shown by the undisputed testimony of the Sovereign Clerk, and that the Sovereign Camp cannot be bound by the conduct of the local financial secretary unless there was testimony showing that it had knowledge thereof and acquiesced in it, or thereafter ratified it.

It may be conceded that the local financial secretary under the rules, regulations and by-laws, was the agent of the appellant solely for the purpose of collecting monthly installments and transmitting them to the appellant, unless, which is not shown, he was made their agent for other purposes, or that the Sovereign Camp had ratified acts which were beyond the scope of his agency.

The local secretary, who was not offered as a witness by either side, undoubtedly perpetrated a gross fraud upon the insured, but the record is devoid of any testimony from which a reasonable inference may be drawn that the appellant participated or acquiesced therein.

The camp secretary had no authority to bind the Sovereign Camp by any construction of the policy which he might have given to the insured; and there is no testimony to show that appellant knew anything concerning it. In fact, there is a total absence of testimony tending to show that the appellant had the slightest knowledge that any installment for the year 1932 or 1936 had been paid to or accepted by the local secretary.

Punitive damages are not recoverable for a mere breach of contract. To recover damages of that character, the plaintiff must show that the breach was accomplished with a fraudulent intention, and was accompanied by a fraudulent act. *Williams v. Metropolitan Life Insurance Co.*, 173 S. C., 448, 176 S. E., 340; *Welborn v. Dixon,* 70 S. C., 108, 49 S. E., 232, 3 Ann. Cas. 407; *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C., 454, 165 S. E., 203, 84 A. L. R., 1336; *Derrick v. Insurance Co.,* 167 S. C., 434, 166 S. E., 502; and many other cases too numerous to be cited.

We think, upon consideration of the whole record, that the lower Court committed error in submitting the issue of punitive damages to the jury.

It is next contended that the trial Judge did not adequately charge the jury with reference to the different elements which they could consider in arriving at a verdict for actual damages. A reference to the charge shows that the jury were instructed that if they found a verdict for actual damages it must be in an amount less than $1,000.00, the face of the policy, and that they should take into consideration the expectancy of life in the light of the evidence and the mortuary table which was introduced in evidence, and how many other premiums would likely have to be paid. If the appellant deemed the instructions lacking in completeness, we think it should have requested fuller instructions. At the close of the charge counsel were asked twice if they wished anything f u r t h e r

charged, and nothing further was requested by the appellant.

It is likewise suggested that the verdict for actual damages was excessive. Under the evidence and the law, we cannot say that the jury's verdict was wrong in this respect.

Exceptions overruled; judgment affirmed as to actual damages, and reversed as to punitive damages.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.